UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Shyheem Lee Smith, # 14844-171, | ) C/A No. 4:12-1454-MGL-TER |
| | ) [*formerly* C/A 6:10-cv-00246 (E.D.Ky.)] |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| ~~D. L. Stine~~; | ) |
| M. M. Mitchell; | ) |
| ~~L. Gregorey~~; | ) |
| ~~K. Baker~~; | ) |
| L. Rosario; | ) |
| R. Blocker, | ) |
| Defendants. | ) |

The above-captioned case was transferred to the United States District Court for the District of South Carolina. In an order filed in this case, Civil Action 6:10-cv-00246 (E.D.Ky.), on May 31, 2012, the Honorable Gregory F. Van Tatenhove, United States District Judge, dismissed three defendants (Stine, Gregorey, and Baker) *with prejudice* (but authorized service upon them in their individual capacities), severed the claims relating to the South Carolina defendants, ordered service of process upon the South Carolina defendants, and transferred the case, in part, to the District of South Carolina. Under Local Civil Rule 73.02 (DSC), pretrial proceedings in this action have been referred to the undersigned United States Magistrate Judge.

In an order (ECF No. 17) filed in this case on June 7, 2012, the undersigned apprised Plaintiff that he must notify the Office of the Clerk of Court in writing if his address changed. On

July 3, 2012, Plaintiff notified the Clerk's Office of a change of address from FCI-Edgefield to a facility in Las Vegas, Nevada (ECF No. 19).

On July 11, 2012, the Office of the Clerk of Court mailed to a notice (ECF No. 21) in this case to Plaintiff at his last address (the Las Vegas address) given to the Office of the Clerk of Court. That mail was returned to the Clerk's Office as undeliverable by the United States Postal Service on July 31, 2012 (ECF No. 23).

## **RULE 41(B) DISMISSAL**

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990), and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, since Plaintiff has not provided the court with a current address at which he can receive mail pertaining to his case, he has failed to prosecute this action. *Cf. Link v. Wabash Railroad Company*, 370 U.S. 626, 635–36 (1962). Moreover, the United States Court of Appeals for the Fourth Circuit has upheld dismissals of cases where *pro se* litigants have not kept a Clerk's

Office and opposing counsel informed of a change of address. *See*, *e.g.*, *Woltz v. Chater*, No. 95-2539, 74 F.3d 1235 [Table], 1996 WL 23314, at *1 (4th Cir. Jan. 23, 1996); *cf. In Re Hebron*, No. 95-8012, 64 F.3d 657 [Table], 1995 WL 501350, at *1 (4th Cir. Aug. 25, 1995) (mandamus relief denied where *pro se* litigant failed to notify district court of his change of address); and *United States v. Battle*, 993 F.2d 49, 50–51 (4th Cir. 1993) (use of drugs and failure to notify probation officer of change of address violated of terms of supervised release and justified revocation of supervised release).

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned pursuant to Fed. R. Civ. Proc. 41(b) case *with prejudice* because Plaintiff has failed fail to keep this Court apprised of his current address. Plaintiff's attention is directed to the Notice on the next page.

|  |  |
|---|---|
|  | s/Thomas E. Rogers, III |
| August 27, 2012 | Thomas E. Rogers, III |
| Florence, South Carolina | United States Magistrate Judge |

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).